**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KYRON DARELL BENSON,

    Petitioner,                                        Civil No. 2:16-CV-11543
                                                          HONORABLE PAUL D. BORMAN
v.                                                      UNITED STATES DISTRICT JUDGE

SHANE PLACE,

    Respondent,
_____/

**OPINION AND ORDER GRANTING THE MOTION TO TRANSFER THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Kyron Darell Benson, ("Petitioner"), incarcerated at the Marquette Branch Prison in Marquette, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney David L. Moffit, petitioner challenges his conviction for first-degree premeditated murder, Mich. Comp. Laws § 750.316; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. Respondent has filed a motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit, on the ground that it is a successive petition that requires pre-filing authorization from that court pursuant to 28 U.S.C. § 2244(b)(3).

For the following reasons, the Court grants respondent's motion and orders that the case be transferred to the United States Court of Appeals for the Sixth Circuit.

## I. BACKGROUND

Petitioner was convicted in the Wayne County Circuit Court, following a trial in which he was tried jointly with his co-defendant Paula Renai Bennett, but with separate juries. Petitioner was sentenced on July 23, 2008 to life without parole on the first-degree murder conviction, one to five years in prison for the felon in possession of a firearm conviction, and received a consecutive two year sentence on the felony-firearm conviction. Petitioner was also ordered to pay restitution to the victims' family in the amount of $ 17,204.10. (Tr. 7/23/08, pp. 6-7). The original judgment of sentence entered that date reflected the prison sentences but not the restitution order. [1]

Petitioner's conviction was affirmed on appeal. *People v. Bennett,* 290 Mich. App. 465; 802 N.W. 2d 627 (2010); *lv. den.* 489 Mich. 898; 796 N.W. 2d 84 (2011).

Petitioner filed a petition for writ of habeas corpus challenging his convictions, which was denied. *Benson v. Perry,* No. 2:12-CV-11870 (E.D. Mich. Mar. 6, 2013). Petitioner did not appeal that decision to the Sixth Circuit.

On September 19, 2013, the state trial court signed an amended judgment of sentence. The amended judgment was not the result of an ordered re-sentencing by the state trial or appellate courts. Instead, it appears that the amended judgment of sentence was entered to correct the previous omission of the restitution award of $ 17,204.10 that had not been included in the original judgment of sentence. [2] Petitioner attempted to file an appeal of right from the amended judgment of sentence, but the Michigan Court of Appeals dismissed the appeal on the

---

[1] See Judgment of Sentence dated July 23, 2008. (Respondent's Exhibit C).

[2] *See* Amended Judgment of Sentence dated September 19, 2013 (Respondent's Exhibit B).

ground that it lacked jurisdiction over an appeal of right because the amended judgment of sentence entered on September 19, 2013 was not a final order within the meaning of M.C.R. 7.202(6); M.C.R. 7.203(A)(1). *People v. Benson,* No. 318847 (Mich.Ct.App. Dec. 20, 2013).

On April 28, 2016, petitioner filed the instant petition for writ of habeas corpus, in which he again challenges his first-degree murder, felon in possession of a firearm, and felony-firearm convictions. Petitioner's counsel argues that the current petition is not a second or successive habeas petition, within the meaning of 28 U.S.C. § 2244(b)(3)(A), because petitioner is attacking a new judgment of sentence, namely, the amended judgment of sentence entered by the trial court on September 19, 2013.

Respondent filed a motion to transfer the petition to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), on the ground that the current petition is an unauthorized second or successive habeas challenge by petitioner to his conviction.

## II. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer

the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner argues that his current petition is not a successive habeas petition, within the meaning of § 2244(b)(3)(A), because he is not attacking the original 2008 judgment of sentence but a new judgment of sentence that was entered into by the trial judge on September 19, 2013.

In *King v. Morgan,* 807 F.3d 154, 157-60 (6th Cir. 2015), the Sixth Circuit held that a federal habeas corpus petition which challenges a new state-court sentence that is imposed after a full re-sentencing and which leads to a new judgment does not count as "second or successive" habeas petition, for purposes of § 2244(b)(3)(A), even if the petitioner previously filed a petition to challenge the original sentence and even if he or she raised or could have raised the same claims in the earlier petition. The Sixth Circuit in *King* based its decision in part on the Supreme Court's holding in *Magwood v. Patterson*, 561 U.S. 320 (2010).

The Sixth Circuit, however, "did not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new "judgment" within the meaning of *Magwood*." *Askew v. Bradshaw*, 636 F. App'x 342, 348 (6th Cir. 2016). When a state court uses a *nunc pro tunc* entry to correct clerical errors that resulted in a discrepancy between the court's oral pronouncements and its paper records, the corrected entry is not considered a new judgment for purposes of avoiding the second or successive requirements for habeas review contained in § 2244(b)(3)(A). *See In re Stansell*, 828 F.3d 412, 420 (6th Cir. 2016). "To hold otherwise would

turn those requirements into a game of "I Spy," where the petitioner best able to catch the court's technical errors will earn himself a free pass (maybe many free passes) into federal court." *Id.*

In the present case, the judge at the time of sentencing on July 23, 2008 sentenced petitioner to prison and ordered restitution in the amount of $ 17,204.10.  The original judgment of sentence entered that day did not mention the restitution amount.  The amended judgment of sentence entered on September 19, 2013 differs only from the original judgment of sentence in that it includes the restitution amount.   The amended judgment of sentence was not a new judgment of sentence, for purposes of § 2244(b)(3)(A), because it merely corrected a clerical error that lead to a discrepancy between the judge's oral pronouncement at sentencing and the original judgment of sentence. *In re Stansell*, 828 F.3d at 420.

Petitioner's current habeas petition amounts to a successive habeas challenge to his 2008 convictions.  Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III.  CONCLUSION

**IT IS ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

                                           s/Paul D. Borman  
                                           PAUL D. BORMAN  
                                           UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 7, 2016.

                                  s/Deborah Tofil
                                  Case Manager